Argued and submitted May 13, ballot title certified as modified May 25, 1994

Henry KANE,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
Attorney General,
State of Oregon,
*Respondent.*

(SC S41274)

872 P2d 981

Henry Kane, petitioner *pro se*, argued the cause and filed the petition.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause and filed the memorandum for respondent. With him on the memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Durham, Justices.

GILLETTE, J.

Unis, J., dissented and filed an opinion in which Carson, C. J., joined.

## GILLETTE, J.

In this original proceeding, petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who timely submitted written comments addressed to the Attorney General's draft ballot title. Therefore, he is entitled to petition this court seeking a different title. ORS 250.085(2). The arguments that he now makes are related to the comments that he made during the administrative process. We modify the ballot title in certain respects and, as modified, certify it to the Secretary of State.

The proposed constitutional amendment is worded as follows:

"The 'Committee to Repeal Measure 5, NOW' proposes that Article XI, Sections 11b, 11c, 11d, and 11e be deleted from the Constitution of Oregon, and that Article XI, section 11f be designated as section 11b of said article."

In response to the foregoing proposed constitutional amendment, the Attorney General certified this ballot title to the Secretary of State:

"REPEALS CONSTITUTIONAL
PROPERTY TAX LIMITS
(MEASURE 5) PASSED IN 1990

"QUESTION: Shall state constitution's property tax limits passed by voters in 1990 as Measure 5 be repealed?

"SUMMARY: This measure would amend the state constitution. It would repeal sections passed by the voters in 1990 as Measure 5. Measure 5 sets limits on property tax rates, except for taxes to pay principal and interest on certain bonds. Those limits are cut each year to a low in 1995-96 of $5 per $1,000 real market value for public school funding and $10 per $1,000 for other uses. 'Public schools' include all levels through post-graduate. This measure would repeal the Measure 5 limits."

Petitioner does not challenge either the Caption or the Question prepared for the proposed constitutional amendment. He asserts that the ballot title's Summary is deficient, however, because it is repetitious, it fails to state specifically that a major effect of the enactment of the amendment would be to restore pre-Measure 5 power to levy taxes, and it fails to indicate that another major effect would be to

cause property taxes to rise. We agree with two of those arguments.

■     The Summary is repetitious. It contains sentences that state that the proposed constitutional amendment "would repeal sections [of Article XI of the Oregon Constitution] passed by the voters in 1990 as Measure 5" and "would repeal the Measure 5 limits." One of those is enough. To eliminate the repetition, we will rewrite the Summary in the manner set out below.

■     The Summary also fails to state specifically that repeal of the foregoing sections of Article XI of the Oregon Constitution will have the effect of restoring the *status quo ante* with respect to the authority of local governments or districts to levy property taxes. That is a major effect that should be mentioned.

■     The Summary is not inadequate, however, for failure to state that, if the proposed constitutional amendment is adopted, property taxes will rise. It is true that the fiscal effect of a measure may be a major effect of the measure, thereby making it appropriate to mention that effect in the Summary. *See, e.g., Nelson v. Roberts*, 309 Or 499, 789 P2d 650 (1990) (illustrating that principle). But such fiscal effects must be clear, and not merely speculative. Here, the prediction that petitioner asks be put in the Summary is speculative. It may come to pass; it may not. The answer depends on future events that are not yet foreseeable. Speculation does not belong in a ballot title. *Bauman v. Roberts*, 309 Or 490, 495, 789 P2d 258 (1990).

We modify the Summary certified by the Attorney General for the proposed constitutional amendment as follows (material deleted is [*italicized and in brackets*]; material added is in **bold**):

"SUMMARY: [*This m*]**M**easure would amend the state constitution[. *It would*] **by** repeal**ing** [*sections*] **property tax limits** passed by the voters in 1990 as Measure 5. Measure 5 sets limits on property tax rates, except for taxes to pay principal and interest on certain bonds. Those limits are cut each year to a low in 1995-96 of $5 per $1,000 real market value for public school funding and $10 per $1,000 for other uses. 'Public schools' include all levels through post-graduate. [*This measure would repeal the Measure 5*

*limits*] **Approval would restore pre-Measure 5 author-ity to levy taxes.**"

As modified, the foregoing Summary complies substantially with the requirements of ORS 250.035(1). ORS 250.085(4). We therefore certify the following ballot title:

### REPEALS CONSTITUTIONAL PROPERTY TAX LIMITS (MEASURE 5) PASSED IN 1990

QUESTION: Shall state constitution's property tax limits passed by voters in 1990 as Measure 5 be repealed?

SUMMARY: Measure would amend the state constitution by repealing property tax limits passed by the voters in 1990 as Measure 5. Measure 5 sets limits on property tax rates, except for taxes to pay principal and interest on certain bonds. Those limits are cut each year to a low in 1995-96 of $5 per $1,000 real market value for public school funding and $10 per $1,000 for other uses. "Public schools" include all levels through post-graduate. Approval would restore pre-Measure 5 authority to levy taxes.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(9).

**UNIS, J.,** dissenting.

Because I believe that the ballot title certified by the Attorney General to the Secretary of State substantially complies with the statutory requirements, ORS 250.035, ORS 250.039, I would certify the ballot title certified by the Attorney General.

Carson, C. J., joins in this dissenting opinion.