Argued and submitted October 4, ballot title referred to Attorney General for modification December 20, 2001
Modified ballot title certified January 7, 2002 (333 Or 206, 37 P3d 986)

Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48765)

36 P3d 486

Steven Novick, Portland, argued the cause and filed the petition.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

### GILLETTE, J.

In this ballot title review proceeding, petitioner challenges all four aspects (*i.e.*, the caption, the "yes" and "no" vote result statements, and the summary) of the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 72 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035. *See* ORS 250.085(5) (setting out standard of review).

■ The proposed measure would amend the present wording of Article IV, section 1, subsection (2), paragraph (d), of the Oregon Constitution, in three respects:

"Article IV, section 1, subsection (2), paragraph (d) of the Constitution of the State of Oregon is amended to read:

"(d) An initiative petition shall include the full text of the proposed law or amendment to the Constitution. A proposed law or amendment [*to the Constitution*] shall embrace one subject only and matters [*properly*] **reasonably** connected therewith. An initiative shall not be found to contain multiple subjects or amendments unless the subjects or amendments contained therein are in no meaningful way connected or related. A proposed law or amendment that offers voters a coherent package of choices or tradeoffs shall not be invalidated on grounds that it contains more than one subject or amendment.**"[1]

(Wording that would be removed from the present paragraph (d) is set off in brackets and is italicized; wording that would be added is set out in boldface.)

■ The substance of the parties' arguments turns on the scope and meaning of the two additional sentences that the proposed measure would add to Article IV, section 1(2)(d).

---

[1] We note that the deletion of the repeating phrase, "to the Constitution," is unexplained and, in any event, immaterial to our disposition of the present case. Similarly, the meaning of the substitution of the adverb "reasonably" for the adverb "properly," although a change of uncertain consequence, does not lie at the heart of the present controversy.

Article IV, section 1(2)(d), commonly is referred to in its present wording as the "single-subject" requirement. Completeness requires us to include reference to another provision of the Oregon Constitution because, as we shall explain, its wording appears to be the reason for some of the content of the last two sentences of the proposed measure. Article XVII, section 1, of the Oregon Constitution, which describes the manner in which the constitution may be amended, provides, in part:

> "When two or more amendments [to the Oregon Constitution] shall be submitted in the manner aforesaid[, *i.e.*, either by legislative referral or by initiative,] to the voters of this state at the same election, they shall be so submitted that each amendment shall be voted on separately.* * *"

The quoted part of Article XVII, section 1, commonly is referred to as the "separate-vote" requirement. An initiated measure fails the test of Article XVII, section 1, if it submits to the people for a single vote two or more substantive changes to the Oregon Constitution that are not "closely related." *Armatta v. Kitzhaber*, 327 Or 250, 277, 959 P2d 49 (1998). The "single-subject" and "separate-vote" requirements are related, but they are not the same. *See generally id.* at 256-75 (explaining origins, meaning, and interrelationship of Article IV, section 1(2)(d), and Article XVII, section 1).

The Attorney General certified the following ballot title for the proposed measure:

"AMENDS CONSTITUTION: INITIATIVE
CONTAINING RELATED PARTS, OFFERING
VOTERS COHERENT PACKAGE OF CHOICES
CONTAINS SINGLE SUBJECT

"RESULT OF 'YES' VOTE: 'Yes' vote accepts proposal stating that initiative contains one subject, amendment, if its parts are related in any 'meaningful way,' offers coherent package of choices.

"RESULT OF 'NO' VOTE: 'No' vote rejects proposal stating that initiative contains one subject, amendment, when its parts are related, or it offers voters coherent package of choices, tradeoffs.

"SUMMARY: Amends Constitution. Under current law, an initiative measure is limited to a single subject and related matters. An initiative complies with the single-subject requirement if it contains a unifying principle that logically connects all of its provisions. The measure provides that an initiative shall not be found to contain more than one subject or constitutional amendment unless the subjects or amendments in the initiative are not connected or related in any 'meaningful way.' Under the measure, a proposed law or constitutional amendment can not be invalidated on the basis that it contains more than one subject or amendment if the proposed law or constitutional amendment offers voters a coherent package of choices or tradeoffs."

As noted, petitioner objects to the ballot title caption, result statements, and summary. Petitioner's primary argument[2] is that the true "subject" of the proposed measure is a change in the criteria that proposed initiatives would have to meet to be eligible to be placed on the ballot. More specifically, he asserts that the proposed measure is a directive to the responsible state officials—most commonly the Secretary of State and this court—not to declare invalid future initiatives that meet the proposed measure's rewording of both the "single-subject" and "separate-vote" requirements. It follows that, if petitioner's argument is correct, then the Attorney General's caption, result statements, and summary are insufficient, because none mentions that the proposed measure alters the constitutional criteria for applying those requirements.

The Attorney General responds that petitioner's arguments are speculative and that the Attorney General does not have the authority to speculate as to the meaning of a proposed measure in writing a ballot title. *See Kane v. Kulongoski*, 319 Or 88, 91, 872 P2d 981 (1994) (so holding). We disagree with the Attorney General that petitioner's arguments are speculative.

Respecting the effect of the proposed measure on the "single-subject" requirement, we agree with the Attorney

---

[2] We combine petitioner's first two arguments in his petition for the purposes of this discussion.

General that it may not be possible to state precisely *how* the proposed measure would alter the meaning of the present wording of Article IV, section 1(2)(d). *See, e.g.*, *State ex rel Caleb v. Beesley*, 326 Or 83, 89-91, 949 P2d 724 (1997) (discussing test; indicating that enactment does not violate single-subject requirement "merely by including a wide range of connected matters intended to accomplish the goal of that single subject"); *Armatta*, 327 Or at 273 (citing with approval and relying on *Beesley*). But it is inescapable that the proposed measure, by its terms, changes the *wording* of the constitutional test, and the voters must be told at least that much, especially if—as petitioner contends—the proposed measure also affects the separate-vote requirement. We turn to that issue.

The Attorney General argues that, by its wording, the proposed measure speaks only to Article IV, section 1(2)(d), of the Oregon Constitution, and does not implicate the "separate-vote" requirement of Article XVII, section 1. We disagree. We do not see how the wording in two separate sentences of the proposed measure, *viz.*, "[a]n initiative shall not be found to contain multiple * * * *amendments*" and "[an] *amendment* * * * shall not be invalidated on grounds that it contains more than one * * * *amendment*" (emphasis added), fairly can be read in any other way than as implicating the standard presently found in Article XVII, section 1. The Attorney General's argument that the proposed measure affects only Article IV, section 1(2)(d), because it mentions only that constitutional provision, cannot prevail against the wording of the proposed measure, which implicates Article XVII, section 1, as well as Article IV, section 1(2)(d).

We also reject the Attorney General's further assertion that the proposed measure implicates only Article IV, section 1(2)(d), because, as the Attorney General reads it, the wording that the proposed measure would add to that constitutional section focuses on the *content* of future proposed measures, rather than on the effect of proposed measures on the existing constitution. The Attorney General points out that this court in *Armatta* differentiated between Article IV, section 1(2)(d), and Article XVII, section 1, on the ground, *inter alia*, that the former is concerned with the content of a measure, while the latter is concerned with the effect of a

measure on the existing constitution. *Id.* at 270. We are not persuaded by that argument, however, because of the direct instruction in the proposed measure that an initiative not be invalidated on the ground that "it contains more than one * * * amendment." An initiative never would have been invalidated on that ground under Article IV, section 1(2)(d); such an action would have been grounded on Article XVII, section 1. *See Armatta,* 327 Or at 283-84 (illustrating principle). The caption, the "yes" and "no" vote result statements, and the summary must be revised to reflect that the proposed measure creates new criteria respecting the standards presently found in *both* Article IV, section 1(2)(d), *and* Article XVII, section 1, of the Oregon Constitution.

Petitioner also asserts that the Attorney General's certified ballot title fails to comply with the requirements of law in that it

> "misleadingly suggests that an initiative must *both* have related parts *and* offer voters a coherent package of choices in order to be considered to contain a single subject, when in fact the measure provides * * * that an initiative must only meet one of the two alternative standards."

(Emphasis in original.) Petitioner's complaint arises out of the use of commas in the caption and the "yes" vote result statement.[3] The commas, he asserts, will leave the voter with the impression that, to pass constitutional muster, an initiative both must contain provisions all of which are related in a "meaningful way" and must offer the voters a "coherent package of choices or tradeoffs." That is, petitioner asserts that voters will read the commas used by the Attorney General to mean "and." In fact, however, petitioner claims that the criteria are *alternatives*, either of which would qualify an initiative for the ballot.

---

[3] As noted, the Attorney General's caption and "yes" vote result statement provide:

"AMENDS CONSTITUTION: INITIATIVE CONTAINING RELATED PARTS, OFFERING VOTERS COHERENT PACKAGE OF CHOICES CONTAINS SINGLE SUBJECT.

"RESULT OF 'YES' VOTE: 'Yes' vote accepts proposal stating that initiative contains one subject, amendment, if its parts are related in any 'meaningful way,' offers coherent package of choices."

We agree with petitioner that the wording of the proposed measure indicates that an initiative that meets *either* the "related in a meaningful way" or the "coherent package of choices or tradeoffs" standard would pass constitutional muster. We note that the Attorney General apparently agrees with that reading as well, because he used the conjunction "or" in his "no" vote result statement.[4] We also agree with petitioner that voters could misread the commas about which he is concerned in the caption and "yes" vote result statement to mean "and." It follows that the caption and "yes" vote result statement fail to conform to the requirements of law in this respect, as well.

Ballot title referred to the Attorney General for modification.

---

[4] The Attorney General's "no" vote result statement provides:

" 'No' vote rejects proposal stating that initiative contains one subject, amendment, when its parts are related, *or* it offers voters coherent package of choices, tradeoffs."

(Emphasis added.)